FILED
2021 Mar-15 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFERSON LOFT, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **CONSTRUCTION ENTERPRISES,** | ) | **(Removed from Circuit Court** |
| **INC. and PHOENIX FRAMING, LLC,** | ) | **of Tuscaloosa County,** |
| | ) | **Alabama, Case No.** |
| **Defendants.** | ) | **CV-2021-900028)** |

## DEFENDANT CONSTRUCTION ENTERPRISES, INC.'S
## NOTICE OF REMOVAL

Defendant Construction Enterprises, Inc. ("CEI"), pursuant to U.S.C. §§ 1441 and 1446, hereby gives notice it has removed this action from the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division. In compliance with 26 U.S.C. § 1446, CEI shows the Court as follows:

**I.    CEI'S REMOVAL IS TIMELY AND PROCEDURALLY PROPER.**

1.    On January 13, 2021, Plaintiff Jefferson Loft LLC ("Jefferson Loft") commenced this action by filing suit against Defendants CEI and Phoenix Framing, LLC ("Phoenix") (collectively, "Defendants") in the Circuit Court of Tuscaloosa County, Alabama, (See Complaint, attached as Exhibit 1).

2. On February 12, 2021, CEI was served with the Summons and Complaint. (<u>See</u> Proof of Service, attached as Exhibit 2).

3. This Notice of Removal has been timely filed within thirty (30) days of the date of service in accordance with 26 U.S.C. § 1446.

4. Therefore, the Notice of Removal is timely, as it has been filed within the time allowed by law under 28 U.S.C. § 1446(b). <u>See</u> <u>also</u> <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 345-46 (1999) (under § 1446(b), "the defendant's removal period will be no less than 30 days from service"); <u>Marion Corp. v. Lloyds Bank, PLC</u>, 738 F.Supp. 1377, 1379 (S.D. Ala. 1990) ("the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a defendant is served with process").

5. A complete copy of the state court file, including all documents served on CEI and all other pleadings and Orders entered in that case, is attached as Exhibit 3.

6. Pursuant to 28 U.S.C. § 1446(d), CEI is filing a stamped "filed" copy of this Notice with the Clerk of the Circuit Court of Tuscaloosa County Alabama, via the Court's electronic filing system, AlaFile.

7. This action is properly removable under 28 U.S.C. §1441(a) to this Court because this Court is the United States District Court for the district and

division embracing the venue where the state court action was pending, Tuscaloosa County, Alabama.

8. The consent requirement in 28 U.S.C. § 1446(b)(2)(A) is also satisfied as Phoenix consents to this removal, as evidenced by its signed consent attached as Exhibit 4.

## II. THIS COURT HAS DIVERSITY JURISDCTION OVER JEFFERSON LOFT'S CLAIMS.

9. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. Federal district courts have diversity jurisdiction over all disputes between "citizens of different States" and "citizens of a State and citizens or subjects of a foreign state" in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" See 28 U.S.C. § 1332(a).

### A. Jefferson Loft is completely diverse from all named Defendants.

11. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004).

12. A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). See also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

13.     CEI is and was at the time of the commencement of this action a citizen of the State of Tennessee, as it is a Tennessee corporation with its principal place of business in Franklin, Tennessee. (Exhibit 1, ¶ 2; Alabama Secretary of State Record for CEI, attached as Exhibit 5).

14.     Phoenix is and was at the time of the commencement of this action a citizen of the State of Tennessee, as both of its members reside in Tennessee. (Tennessee Secretary of State's 2015[1] Annual Report for Phoenix Framing, LLC, attached as Exhibit 6).

15.     Jefferson Loft is diverse from Defendants as it is not a citizen of the State of the Tennessee. All three of Jefferson Loft's members are citizens of a foreign state, the Republic of Singapore. (See Oregon Secretary of State's 2020 Annual Report for Jefferson Loft LLC, attached as Exhibit 7).

16.     Complete diversity exists, as Jefferson Loft's members are citizens of a foreign state and not citizens of Tennessee as are Defendants.

**B.      The amount in controversy requirement is satisfied.**

17.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2).

---

[1] Phoenix dissolved in 2017. It filed its last Annual Report on February 16, 2016 for the year 2015. When it filed its 2015 Annual Report, Phoenix's sole member was a Tennessee resident.

18. If the initial pleading does not state a specific amount of damages, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

19. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

20. In determining the amount in controversy, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence. A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Dudley v. Eli Lilly & Co., 778 F.3d 909 (11th Cir. 2014) (internal citations omitted).

21. Moreover, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is

removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citations omitted).

22. In its Complaint, Jefferson Loft states various causes of action against Defendants arising from the alleged negligent installation of fiber cement paneling on the Lofts at City Center apartments in Tuscaloosa, Alabama, which are owned by Jefferson Loft.

23. Jefferson Loft alleges that the damage to the fiber cement paneling will require it to (1) remove multiple exterior fiber cement panels to determine the full scope of damage to other portions of the Lofts at City Center, including the underlying sheathing, weather barrier, and framing; (2) remove and replace portions of the siding to restore the structural integrity of the buildings and prevent continued and future damage; (3) replace fiber cement panels and paint to restore the cladding system to its intended function and appearance; and (4) remove multiple windows and the trim and casing surrounding each to determine the scope of other property damage and to repair and replace those damaged items to restore their function and integrity and prevent future damage. (Exhibit 1, ¶¶ 19-22).

24. Jefferson Loft further contends that damage to the paneling has decreased the value of the Lofts at City Center. (Exhibit 1, ¶ 23).

25. During the course of discussions amongst counsel, Jefferson Loft also agreed to provide a report prepared by its retained expert, Kevin Dunham ("Mr. Dunham") of Martin/Martin Consulting in Engineers regarding the damage to the buildings. (See Dunham Report, attached as Exhibit 8)..

26. In his report, Mr. Dunham opines that long-term repairs will be necessary, including the removal of all fiber cement panels and installation of a new fiber cement panel cladding system with reveals, furring strips, and screw fasteners.

27. The labor and materials associated with the fiber cement paneling system installed at the time of the construction of the Lofts at City Center cost a total of $501,490.00. (See Schedule of Values, attached as Exhibit 9).[2]

28. Given the initial cost of the fiber cement paneling system and Jefferson Loft's contention that the existing system should be removed and that all three buildings in the Lofts at City Center complex should be reclad, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

29. Based on the damages claimed in Jefferson Loft's Complaint and reasonable deductions and inferences drawn therefrom, the amount in controversy

---

[2] The entries for the fiber cement paneling costs are labeled as "Cornice" on the Schedule of Values.

in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs, as required under 28 U.S.C. § 1332(a).

WHEREFORE, CEI has removed this action from the Circuit Court of Tuscaloosa County, Alabama to this Court on the basis of diversity jurisdiction.

DATED:  March 15, 2021.

>Respectfully submitted,
>
>By: s/ ***Bryan Grayson***
>E. Britton Monroe (asb-1451-o72e)
>Bryan A. Grayson (asb-8944-n65g)
>Laura C. Bell (asb-1852-z84w)
>Attorneys for Defendant
>Construction Enterprises, Inc.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL  35213
Phone:  (205) 967-8822
Fax:  (205) 967-2380
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
lbell@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of March, 2021, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing system or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Joseph D. Leavens
Charles A. Burkhart
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
*Attorneys for Plaintiff*

Howard K. Glick, Esq.
100 Concourse Parkway
310 West Tower
Hoover, AL 35244
hkglick@smgblawyers.com
*Attorney for Phoenix Framing, LLC*

                s/ ***Bryan Grayson***
                OF COUNSEL