FILED
2021 Mar-22 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 7:21-cv-00389-LSC |
| **CONSTRUCTION ENTERPRISES, INC. and PHOENIX FRAMING, LLC,** | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT CONSTRUCTION ENTERPRISES, INC.'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Construction Enterprises, Inc. ("CEI") submits this Memorandum of Law in support of its Motion to Dismiss.

### I.   INTRODUCTION.

On January 13, 2021, Plaintiff Jefferson Loft, LLC ("Jefferson Loft") commenced this action by filing its Complaint against CEI in the Circuit Court of Tuscaloosa County, Alabama. (Doc. 1-1). Jefferson Loft asserts claims for breach of contract, negligence, and nuisance related to the construction of the Lofts at City Center (the "Lofts"), an apartment complex (the "Project") owned by Jefferson Loft. (Doc. 1-1). Jefferson Loft alleges that CEI breached the design-build contract for the construction of the Lofts by failing to properly install, or failing to ensure

proper installation, of the fiber cement panel cladding system on the exterior of the Lofts. (Doc. 1-1, ¶¶ 24-30). Jefferson Loft further alleges that CEI was negligent with respect to both Phase I and Phase II of the Project given the alleged damage to the fiber cement panel cladding system. (Doc. 1-1, ¶¶ 31-38). Lastly, Jefferson Loft alleges that CEI breached a duty in nuisance by allegedly failing to ensure the functional and aesthetic integrity of the fiber cement panel cladding system. (Doc. 1-1, ¶¶ 38-43).

All of Jefferson Loft's claims related to Phase I of the Project are due to be dismissed pursuant to Ala. Code § 6-5-221, which establishes a seven-year statute of repose for claims against general contractors arising from construction defects. Further, Jefferson Loft's nuisance claim is due to be dismissed because Alabama law does not recognize a claim for private nuisance arising from a construction defect resulting from a general contractor's acts or omissions during the construction process. All claims pertaining to Phase I of the Project, along with the entire nuisance claim, are due to be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## II. STATEMENT OF FACTS.[1]

CEI is a commercial general contractor that performs work in Alabama and across the country. (Doc. 1-1, ¶ 8). In 2012, CEI entered into a design-build

---

[1] CEI assumes the facts set forth in its Statement of Facts to be true for purposes of its Motion to Dismiss. However, CEI does not admit to the truth of any of these facts and reserves the right to dispute them during the course of this litigation.

contract (the "Contract") with Tuscaloosa I, LLC ("Tuscaloosa I"), pursuant to which CEI agreed to design and build the Lofts, a three-building apartment complex. (Doc. 1-1, ¶ 25; Contract, filed as Exhibit 1). Pursuant to the Contract, the construction of the Lofts was to be completed in two phases. (Doc. 1-1, ¶ 12-14).

CEI served as the general contractor for the Project. (Doc. 1-1, ¶ 8). It entered into a subcontract with Phoenix Framing, LLC ("Phoenix"), wherein Phoenix agreed to install, or assist CEI in installing, the fiber cement panel cladding system on the exteriors of the Lofts. (Doc. 1-1, ¶¶ 9-11).

In August 2013, construction of Phase I was completed and the City of Tuscaloosa ("City") issued Commercial Certificates of Occupancy permitting the use of Buildings 1A and 1B for residential purposes. (Doc. 1-1, ¶ 13). In December 2014, construction of Phase II was completed and the City issued Commercial Certificates of Occupancy permitting the use of Buildings 2 and 3 for residential purposes (Doc. 1-1, ¶ 14).

In 2016, Jefferson Loft purchased the Lofts from Tuscaloosa I. (Doc. 1-1, ¶¶ 7, 27). In purchasing the Lofts from Tuscaloosa I, Jefferson Loft also purchased the rights previously held by Tuscaloosa I regarding the Lofts, both contractually and at law. (Doc. 1-1, ¶ 27).

The Contract, originally entered into between CEI and Tuscaloosa I, is governed by the state laws of the state in which the project is located. (Contract, § 13.1). As the project is located in Alabama, the state laws of Alabama apply. (Doc. 1-1, ¶ 7).

Jefferson Loft's claims arise out of its discovery of damage to the fiber cement panel cladding system. (Doc. 1-1, ¶¶ 15-23). Jefferson Loft alleges it has been damaged by the improper installation of the fiber cement panel cladding system during the construction of the Lofts. (Doc. 1-1, ¶ 23). It alleges that the fiber cement panels exhibit visible cracks, bowing and buckling, loose and misplaced nails, which have ultimately caused additional damage to other portions of the Lofts. (Doc. 1-1, ¶¶ 16-19). Jefferson Loft's claims arise out of the construction of both Phase I and Phase II of The Lofts. (Doc. 1-1).

## III. JEFFERSON LOFT'S CLAIMS ARE DUE TO BE DISMISSED, IN PART.

### A. Jefferson Loft's claims arising from work completed during Phase I of the Lofts development are barred by the statute of repose.

Jefferson Lofts asserts negligence, breach of contract, and nuisance claims against CEI, all of which arise from alleged faulty installation of fiber cement panels during the construction of the Lofts. Jefferson Loft does not specify which buildings in the development are experiencing problems associated with the fiber cement paneling. To the extent Jefferson Loft is alleging problems with the

paneling are occurring in Phase I of the development, its claims relating to Phase I are barred by the statute of repose and should be dismissed.

In Alabama, all tort and contract claims against architects, contractors, and engineers seeking damages arising from construction defects or design deficiencies are governed by a seven-year statute of repose. See Ala. Code § 6-5-221(a); see also Harper v. O'Charley's, LLC, No. CV 16-0577-WS-M, 2017 WL 5598815, at *1 (S.D. Ala. Nov. 20, 2017). Ala. Code § 6-5-221(a) provides, "any cause of action which accrues or would have accrued more than seven years after the substantial completion of construction of the improvement on or to the real property, and any right of action which accrues or would have accrued more than seven years thereafter is barred." The statute of repose creates "an absolute temporal bar on a defendant's liability." Bristol Southside Ass'n, Inc. v. Meridian Constr. & Dev., LLC, No. 2:18-CV-00783-JHE, 2020 WL 6712270, at *6 (N.D. Ala. Nov. 16, 2020) (citing CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014)). When the allegations on the face of complaint clearly establish that a construction defect claim is barred by the statute of repose, a motion to dismiss is due to be granted. See Harper, 2017 WL 5598815, at *6; Sears v. Hardin Constr. Grp., Inc., No. CV 16-00272-KD-B, 2016 WL 6395906, at *6 (S.D. Ala. Oct. 27, 2016), aff'd sub nom. Sears, Roebuck & Co. v. Hardin Constr. Grp., Inc., 697 F. App'x 637 (11th Cir. 2017).

The allegations on the face of Jefferson Loft's Complaint establish that Phase I was completed and Commercial Certificates of Occupancy were issued on August 5, 2013. Therefore, the seven-year statute of repose began to run at that time and expired on August 4, 2020. As Jefferson Loft did not file its Complaint until January 13, 2021, all claims arising out of the construction of Phase I are time barred and due to be dismissed.

Though Phase II of the development was not completed until December 2014, the accrual date for statute of repose purposes for multi-building residential developments is determined based on the issuance of certificates of occupancy for each individual building, not the completion of the entire multi-building project. See D'Allessandro v. Lennar Hingham Holdings, LLC, 156 N.E.3d 197, 204 (Mass. 2020). Therefore, the completion of Phase II in December 2014 has no effect on the application of the statute of repose to claims arising from Phase I of the development, and Jefferson Loft's claims relating to Phase I are due to be dismissed, with prejudice.

> **B.     Jefferson Loft's nuisance claim is not cognizable under Alabama law and is due to be dismissed.**

Jefferson Loft alleges that CEI owed it a duty to perform work on the Project in a good, workmanlike manner with reasonable care such that the fiber cement panel cladding system was installed properly and without defect. (Doc. 1-1, ¶ 40). It further alleges that CEI owed this duty in nuisance to ensure the functional and

integrity of the fiber cement panel cladding system but also the structural and aesthetic integrity of other portions of the Project. (Id.).

Alabama defines a nuisance as "anything that works hurt, inconvenience, or damage or another." Ala. Code § 6-5-120. As provided in Ala. Code § 6-5-121, a nuisance can be either public or private. "A private nuisance is one limited in its injurious effects to one or a few individuals," and "[a] private nuisance gives a right of action to the person injured." Id. Alternatively, "a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state." Id.

The party asserting a nuisance claim must "prove the tort elements of duty and causation in order to make a prima facie case of nuisance." Chambers v. Summerville United Methodist Church, Inc., 675 So.2d 1315, 1316 (Ala. Civ. App. 1996). Alabama courts have recognized private nuisance claims primarily in the context of industrial operations, whose odors or noises interfere with the enjoyment of neighboring properties or whose operations create a threat to the safety and well-being of adjacent property holders. See  Summerville United Methodist, 675 So.2d at 1316-17 (excavation activities contributing to soil erosion constituted a nuisance); Gamble v. PinnOak Res., LLC, 511 F. Supp. 2d 1111, 1126 (N.D. Ala. 2007) (accumulation of coal dust from mining operations constituted a private nuisance); Monsanto Chem. Co. v. Fincher, 133 So. 2d 192,

194 (Ala. 1961) (noxious odors from industrial activities give rise to private nuisance claims); Hall v. N. Montgomery Materials, LLC, 39 So. 3d 159, 173 (Ala. Civ. App. 2008) (noises from industrial activities may constitute a private nuisance); McDonald v. Thornton, 111 So. 223, 224 (Ala. 1927) (construction of building in close proximity to adjacent building constituted a fire hazard and actionable nuisance); Harris v. Randolph Lumber Co., 57 So. 453, 455 (Ala. 1911) (noises, smoke, dust, and soot from mining operations created private nuisance); Birmingham Ry., Light & Power Co. v. Moran, 44 So. 152, 153 (Ala. 1907) (construction of railroad that limited property's access to roadway constituted nuisance); Richards v. Daugherty, 31 So. 934, 936 (Ala. 1902) (construction of dam constituted nuisance by creating breeding grounds for malaria). However, no Alabama court has ever recognized a nuisance claim against a general contractor arising from an alleged deficiency in the construction process of a building.

Numerous courts in other jurisdictions have addressed the question of whether a plaintiff may assert a valid nuisance claim arising from a construction defect. Courts in nearly every jurisdiction to address the question have held that construction defect claims are properly addressed under the law of negligence and have declined to recognize a duplicative cause of action for nuisance. See Hostetler v. Ward, 704 P.2d 1193 (Ct. App. Wash. 1985) ("negligence claim presented in the garb of nuisance" need not be considered apart from the negligence claim);

Atherton Condominium Apartment-Owners Ass'n Bd. of Directors v. Blume Development Co., 799 P.2d 250 (Wash. 1990) ("where the alleged nuisance is the result of the defendant's alleged negligent conduct, rules of negligence are applied"); Franks v. Lopez, 632 N.E.2d 502, 506 (Ohio 1994) (where plaintiffs alleged that the defectively designed and constructed intersection constituted a nuisance, the court declined to expand its nuisance definition to include design and construction defects); Atherton, 799 P.2d at 262 (condominium owner's nuisance claim regarding the safety of the fire resistivity was "not supportable by law" and owners cited no authority for the proposition that the purchaser of a condominium complex can bring a nuisance claim against the builder-vendor); Duncan v. City of Macon, 472 S.E.2d 455, 457 (Ga. App. 1996) (defective construction and maintenance of intersection did not constitute nuisance because party alleging nuisance could not prove that defect exceeded mere negligence or that the act was of duration or repetition).

Jefferson Loft's allegations regarding the improper installation of fiber cement paneling form a prototypical construction defect case. Alabama courts have long analyzed construction defect claims under the laws of negligence and contract and have not expanded the cause of action for private nuisance to cover alleged acts or omissions by a general contractor during the construction process. Should Jefferson Loft prove its allegations regarding the defective installation of the fiber

cement paneling, it would have an adequate common law remedy under the law of negligence. There is no compelling justification to expand the law of nuisance to govern the allegations alleged in the Complaint and, in light of its past jurisprudence and persuasive authority from other jurisdictions, the Alabama Supreme Court would certainly decline to do so if confronted with the question. Jefferson Loft's nuisance claim is due to be dismissed for failure to state a claim upon which relief can be granted.

## IV.　CONCLUSION.

CEI requests the Court enter an Order dismissing all of Jefferson Loft's claims regarding Phase I of the Project, with prejudice, on the basis that the claims are barred by the applicable statute of repose. Moreover, CEI requests the Court dismiss Jefferson Loft's nuisance claim, with prejudice, for failure to state a claim upon which relief can be granted.

DATED: March 22, 2021.

                                          Respectfully submitted,

                                          By: s/ ***Bryan Grayson***
                                              E. Britton Monroe (asb-1451-o72e)
                                              Bryan A. Grayson (asb-8944-n65g)
                                              Laura C. Bell (asb-1852-z84w)
                                              Attorneys for Defendant
                                              Construction Enterprises, Inc.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL  35213
Phone:  (205) 967-8822
Fax:  (205) 967-2380
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
lbell@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2021, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing system or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Joseph D. Leavens
Charles A. Burkhart
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
*Attorneys for Plaintiff Jefferson Loft, LLC*

Howard K. Glick, Esq.
100 Concourse Parkway
310 West Tower
Hoover, AL 35244
hkglick@smgblawyers.com
*Attorney for Defendant Phoenix Framing, LLC*

								s/ ***Bryan Grayson***
								OF COUNSEL