# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 7:21-cv-00389-LSC |
| **CONSTRUCTION ENTERPRISES,** ) | |
| **INC. and PHOENIX FRAMING,** ) | |
| **LLC,** ) | |
| ) | |
| **Defendants.** | |

## JEFFERSON LOFT, LLC'S RESPONSE TO CONSTRUCTION ENTERPRISES, INC.'S MOTION TO DISMISS

Plaintiff Jefferson Loft, LLC ("Jefferson Loft") files this Response to Defendant Construction Enterprises, Inc.'s ("CEI") Motion to Dismiss. (Doc 3.) As to CEI's argument that Jefferson Loft's Phase I claims are time-barred, the motion fails to mention:

(1) that Alabama's statute of repose contains a two (2) year discovery period allowing plaintiffs to file construction defect claims up to two (2) years after the statute of repose expires, so long as the accrual is within the repose period;

(2) that Jefferson Loft expressly alleged in the Complaint that it discovered the defect within the statute of repose; and

(3) that Jefferson Loft filed its Complaint within two (2) years of the discovery of the claim.

1

As for the nuisance claim, Jefferson Loft has plainly stated a claim for relief. The factual allegations necessary to support all elements of a nuisance claim were made in Jefferson Loft's Complaint and multiple Alabama trial courts (state and federal) have recognized nuisance claims in the construction defect context. CEI's motion is due to be denied.

## INTRODUCTION AND FACTS

Jefferson Loft filed this lawsuit against Defendants on January 13, 2021, and asserted claims of breach of contract, negligence, and nuisance in connection with the construction of the Lofts at City Center (the "Project")—an apartment complex owned by Jefferson Loft in Tuscaloosa. CEI was the general contractor on the Project and subcontracted Defendant Phoenix Framing, LLC ("Phoenix") to perform siding work. (Doc 1-1, ¶¶ 8–10.) The Project was constructed in two (2) phases. (Doc. 1-1, ¶ 12.) The City of Tuscaloosa issued a Commercial Certificate of Occupancy for Phase I of the Project on August 5, 2013. (Doc. 1-1, ¶ 13.) The City issued a Commercial Certificate of Occupancy for Phase II on December 4, 2014. (Doc. 1-1, ¶ 14.) In late spring or early summer of 2020, Jefferson Loft discovered the fiber cement panel cladding system in a state of disrepair, with numerous fiber cement panels in the system exhibiting visible cracks and bowing, thereby exposing the core of portions of the building to the elements and causing other damage to the building (the "Defects"). (Doc 1-1, ¶¶ 15–16.)

CEI argues: (1) that Jefferson Loft's claims related to Phase I of the Project are time-barred under Alabama's statute of repose and (2) that Alabama law does not support a claim for nuisance in a construction defect case. (*See generally,* Doc. 4.) Both arguments are incorrect. Jefferson Loft's claims related to Phase I of the Project are timely under the discovery rule of Ala. Code § 6-5-225. Multiple Alabama courts have recognized nuisance claims in construction defect cases and Jefferson Loft has adequately stated factual allegations to support all necessary elements of a nuisance claim.

## **STANDARD OF REVIEW**

"In evaluating a motion to dismiss, this Court 'accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff.'" *Edwards v. Pruitt*, 7:20-cv-01400-LSC, 2020 WL 6712272 n.1 (N.D. Ala. Nov. 16, 2020) (Coogler, J.) (citing *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012)). "A complaint that 'succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible' will survive a motion to dismiss." *Id.* at *1 (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007)).

## ARGUMENT

**I.   Jefferson Loft's Phase I claims are not time-barred because the Defects were not discovered until late spring or early summer of 2020, Jefferson Loft alleged as much in the Complaint, and CEI filed proof of that notice with its Notice of Removal.**

CEI argues that Jefferson Loft's Phase I claims are time-barred under the seven (7) year statute of repose in Ala. Code § 6-5-221. (Doc. 4 at 2, 4.) CEI is correct that Alabama has a seven (7) year statute of repose for construction defect claims, but its motion omits any mention of the two (2) year discovery rule expressly granted in the statute of repose. That discovery rule grants plaintiffs, like Jefferson Loft, two (2) years from the date of discovery to file their claims, even if that means the claim is filed beyond the expiration of the repose period.[1]

Here, Jefferson Loft alleged it discovered the Defects in late spring/early summer of 2020 – prior to the August 4, 2020 expiration of the seven (7) year repose period. Moreover, CEI filed (with its Notice of Removal) the July 30, 2020

---

[1] Notably, none of the Alabama cases cited by CEI in support of their argument involve the discovery rule in Ala. Code § 6-5-225. *See Harper v. O'Charley's, LLC*, No. 16-0577-WS-M, 2017 WL 5598815, at *2 (S.D. Ala. Nov. 20, 2017) (defect claim was barred by § 6-5-221(a) because it did not accrue until more than 18 years after the project was completed); *Bristol Southside Ass'n, Inc. v. Meridian Constr. & Dev., LLC*, No. 2:18-CV-00783-JHE, 2020 WL 6712270, at *6–7 (N.D. Ala. Nov. 16, 2020) (denying summary judgment for builder because evidence showed it had actual knowledge of the defect but failed to disclose it, triggering the exception of § 6-5-221(a) making the statute of repose inapplicable); *Sears v. Hardin Constr. Grp., Inc.*, No. CV 16-00272-KD-B, 2016 WL 6395906, at *3 (S.D. Ala. Oct. 27, 2016) (action was time-barred under § 6-5-221(a) because the claim did not accrue until almost 17 years after construction was substantially completed). Unlike CEI's cited cases, Jefferson Loft's claim *did* accrue during the seven (7) year statute of repose period since the Defects were discovered in late spring or early summer of 2020.

4

inspection report issued to Jefferson Loft detailing the Defects (and their alleged cause – defective workmanship by the Defendants), thereby providing the Court with evidence of the timing of Jefferson Loft's discovery of the accrual of the claims. Jefferson Loft filed its Complaint in January 2021, within two (2) years of that discovery. CEI's motion is due to be denied.

### a. Ala. Code § 6-5-220, et. seq. expressly incorporates a two (2) year discovery rule for latent construction defects.

Ala. Code § 6-5-221(a) states,

> [a]ll civil actions in tort, contract, or otherwise against any architect or engineer performing [construction work] . . . shall be commenced within two years next after a cause of action accrues or arises . . . [and] no relief can be granted on any cause of action which accrues or would have accrued more than seven years after the substantial completion of construction of the improvement . . . .

In short, this means that all claims—both in contract and in tort—arising out of defective construction work against contractors have a two (2) year limitations period once they accrue, but only if they accrue within seven (7) years of the substantial completion of the work. *Id.*

Ala. Code § 6-5-225(c) explains that claims do not accrue until the time of the injury or damage:

> [T]he statute of limitation does not commence until the time of injury or damage, which extends the commencement of the time for filing contract actions, or where latent or by its nature not reasonably discovered, does not commence until the time of discovery thereby applying for the first time to both these tort and contractual actions, the so-called "discovery rule." These changes accrue to the benefit of the

5

> injured party, and the Legislature finds that this benefit constitutes an adequate quid pro quo for abolishing rights of action which have not accrued within seven years of substantial completion of their work.

Thus, the statute makes clear that the two (2) year limitations period for actions against a contractor does not begin to run until either the time of injury or damage or, where latent, the discovery of that injury or damage.

The section goes on to explain that claimants have two years from a timely accrual to file a claim, even when the filing extends beyond the expiration of the seven (7) year repose period:

> **Where causes of action accrue during the seven years from completion, an action may be brought within two years of accrual even though this extends beyond the seven-year period.** This permits all injured parties a period of two years to file suit unless already barred because the cause of action accrues after the passage of seven years, **which would in certain circumstances permit the filing of an action up to nine years after the completion of the improvement** (or up to two years after the expiration of written express warranties, contracts, or indemnities).

§ 6-5-225(d) (emphasis added).

In sum, claims that accrue within seven (7) years after completion of the project must be brought within two (2) years from that accrual date, but may be brought beyond the expiration of the seven (7) year repose period so long as the claim is still filed within two (2) years of the accrual date. *See id.*

Alabama courts have also repeatedly acknowledged that the discovery rule applies to latent construction defect claims. *See, e.g., Dickinson v. Land Developers*

*Const. Co., Inc.*, 882 So. 2d 291, 297–98 (Ala. 2003) ("Section 6-5-225 provides that . . . the Legislature intended to 'apply [] for the first time to both these tort and contractual actions, the so-called 'discovery rule,'' where the injury or damage is latent."); *Bella Investments, Inc. v. Multi Family Services, Inc.*, 97 So. 3d 787, 793–94 (Ala. Civ. App. 2012) (holding that under the discovery rule, property owner's negligence claim against general contractor regarding defect accrued, and the two (2) year limitations period began to run, only when property owner's principal became aware of the defect); *Aliant Bank, a Div. of USAmeribank v. Four Star Invs., Inc.*, 244 So. 3d 896, 920–21 (Ala. 2017) ("Section 6-5-220(e), Ala. Code 1975, further provides that the two (2) year period described in § 6-5-221(a) begins to run 'at the time the damage or injury is or in the exercise of reasonable diligence should have been first discovered, whichever is earlier.' In § 6-5-225(c), Ala. Code 1975, the legislature specifically stated that its intent in § 6-5-221(a) was to apply the discovery rule of § 6-2-3, Ala. Code 1975, to actions against architects, engineers, and builders.").[2]

---

[2] The discovery rule is similarly applied in the fraud and toxic exposure contexts where injury is latent or unknown until a certain point. *See Dickinson*, 882 So. 2d at 298 ("The 'discovery rule,' found in Ala. Code 1975 § 6-2-3, applies to fraud claims."); *see also Griffin v. Unocal Corp.*, 990 So. 2d 291, 293 (Ala. 2008) (holding that personal injury actions for exposure to hazardous chemicals accrue when the latent injury manifests and not on the last date of exposure to those chemicals); *King v. West Morgan-East Lawrence Water and Sewer Authority*, No. 5:17-cv-01833-AKK, 2019 WL 1167787 (N.D. Ala. Mar. 13, 2019) (stating that in toxic exposure cases, the statutory period begins to run when the plaintiff sustains a manifest injury that has evidenced itself); Ala. Code § 6-2-30 (applying the discovery rule to the accrual of causes of action arising from exposure to asbestos).

The next question that follows is: when does a construction defect claim accrue? Citing *Massachusetts case law*, CEI claims that accrual "for statute of repose purposes for multi-building residential developments is determined based on the issuance of certificates of occupancy for each individual building." (Doc. 4 at 6). The argument is pure misdirection because Ala. Code § 6-5-220(e) defines accrual and makes clear that claims for latent defects accrue "at the time the damage [] is or in the exercise of reasonable diligence should have been first discovered, whichever is earlier." The discovery rule in Ala. Code § 6-5-225 means that as long as Jefferson Loft discovered or should have discovered the Defects before the repose period expired (i.e. before August 4, 2020), then its claim timely accrued and it had two (2) years from that date of discovery to file its claims.

### b. *Jefferson Loft alleged it discovered its accrued claims prior to the expiration of the statute of repose and then timely filed its claims with two (2) years of that discovery.*

Here, Jefferson Loft alleges it discovered problems in the fiber cement panel cladding system in late spring/early summer of 2020. (Doc. 1-1 at ¶ 15) ("In late spring, early summer of 2020, Jefferson Loft discovered the fiber cement panel cladding system in a state of disrepair.") Additionally, CEI's own Notice of Removal proves (1) that Jefferson Loft retained an engineering consultant in late spring/early summer of 2020 to inspect the issue shortly after discovering the defects, and then (2) that Jefferson Loft subsequently received a report from the same engineering

8

consultant concluding that poor workmanship was the cause of the Defects (Doc. 1-8 at 2–7.). All of that occurred prior to the expiration of the seven (7) year statute of repose and within two (2) years of discovery of the claims. Most important though, all of these allegations must be taken as true on consideration of CEI's motion to dismiss. *See Edwards*, 2020 WL 6712272 at n.1. CEI does not argue that Jefferson Loft had notice of the claims any earlier, nor could they – there is no such allegation in the Complaint.

Thus, because it is alleged that the claims timely "accrued" under § 6-5-220(e) when Jefferson Loft first discovered the Defects in late spring or early summer of 2020, and that accrual happened within the seven (7) year repose period, Jefferson Loft had until late spring or early summer of 2022 to file suit. All of Jefferson Loft's claims—related to both Phase I and II of the Project—are timely.

**II.     Jefferson Loft has a cognizable nuisance claim under Alabama law.**

Next, CEI seeks dismissal of Jefferson Loft's nuisance claim. CEI argues that "no Alabama court has ever recognized a nuisance claim against a general contractor arising from an alleged deficiency in the construction process of a building." (Doc. 4 at 8.) That is false.

In *Atkinson v. Jeff Lindsey Communities, Inc.*, the federal district court for the Middle District of Alabama permitted homeowner plaintiffs to proceed to trial on a nuisance claim against a general contractor and subcontractor for construction

9

defects in the building of a new home. *See generally,* No. 3:14-cv-1132-WHA, 2016 WL 1312320 (M.D. Ala. April 4, 2016).³ There are also multiple Alabama circuit court decisions allowing nuisance claims past the 12(b) phase in construction defect cases. *See e.g. Riggs v. Riverwood Constr., LLC*, CV-2017-901262, Doc. 17 (Jefferson County Circuit Court, May 1, 2017) (denying defendant's 12(b) motion for failure to state a claim); *Barton v. Stacy Alliston Design and Bldg., Inc.*, CV-2011-900187, Doc. 135 (Jefferson County Circuit Court, Nov. 12, 2014) (summary judgment granted for plaintiff on construction defect claims asserted where complaint included a separate nuisance claim).

CEI also argues that because three other jurisdictions do not allow nuisance claims in the construction defect context, Alabama would likely follow suit. But, importantly, all of CEI's cited cases involve rulings at the summary judgment stage, not at the motion to dismiss stage.⁴ Further, CEI claims that Alabama courts have "not expanded the cause of action for private nuisance to cover alleged acts or omissions by a general contractor during the construction process." (Doc. 4 at 9.) Based on the precedent cited above, this statement is just not true. Moreover, CEI

---

³ In *Atkinson*, the defendants moved for summary judgment on negligence and other claims but did not even bother to move for summary judgment on the nuisance claim for damages arising from the construction defects.

⁴ One case cited by CEI—*Hostetler v. Ward*, 704 P.2d 1193 (Ct. App. Wash 1985)—was evaluated by the trial court on a 12(b) motion, but the appellate court reviewed it as a summary judgment motion since the trial court had considered extensive evidence outside of the pleadings.

10

9821077.4

does not (and cannot) cite to any Alabama court affirmatively holding that a nuisance claim *cannot* be brought in a construction defect case. Jefferson Loft is also unaware of any such case (which makes sense given that federal and state courts in this state *have recognized the claim*). Thus, CEI's offered presumption about what Alabama appellate courts *would* do if faced with the issue is unfounded, is contrary to existing precedent, and offers no basis for this Court to dismiss Jefferson Loft's nuisance claim.

## CONCLUSION

Jefferson Loft requests the Court to enter an Order denying CEI's motion to dismiss because its claims regarding Phase I of the Project were timely filed pursuant to Ala. Code § 6-5-225 and because its nuisance claim is cognizable under Alabama law.

Respectfully submitted this 15th day of April, 2021.

/s/ *Joseph D. Leavens*
Balch & Bingham LLP
Charles A. Burkhart
Joseph Leavens
Michael Taunton
1901 Sixth Ave North
Suite 1500
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 488-5924

*Attorney for Jefferson Loft LLC*

9821077.4

**OF COUNSEL:**
Charles A. Burkhart
Joseph D. Leavens
Michael Taunton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 15th day of April, 2021, upon:

E. Britton Monroe
Bryan A. Grayson
Laura C. Bell
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213

*Attorneys for Defendant Construction Enterprises, Inc.*

Howard K. Glick
SIMPSON MCMAHAN GLICK & BURFORD PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 35223

*Attorney for Phoenix Framing LLC*

/s/ *Joseph D. Leavens*
Of Counsel

9821077.4