FILED
2023 Feb-08  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 7:21-cv-00389-LSC** |
| ) | |
| **CONSTRUCTION ENTERPRISES,** ) | |
| **INC.; PHOENIX FRAMING, LLC;** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |
| ) | |
| **PHOENIX FRAMING, LLC,** ) | |
| ) | |
| **Defendant / Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WD GENERAL SERVICES, INC.;** ) | |
| **PABLO DELGADO; ALEXIS PALMA;** ) | |
| **LEO DAN LOPEZ QUINTANILLA;** ) | |
| **JOSE DIAZ,** ) | |
| ) | |
| **Third-Party Defendants** ) | |

## DEFENDANT CONSTRUCTION ENTERPRISES, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM AGAINST DEFENDANT PHOENIX FRAMING, LLC

Defendant Construction Enterprises, Inc. ("CEI"), hereby submits its

Answer and Affirmative Defenses pursuant to <u>Federal Rule of Civil Procedure</u>,

Rule 7 and 12 and Cross-Claims pursuant to <u>Federal Rule of Civil Procedure</u>, Rule 13 against co-Defendant Phoenix Framing, LLC ("Phoenix Framing").

## ANSWER AND AFFIRMATIVE DEFENSES AGAINST DEFENDANT PHOENIX FRAMING, LLC

## <u>PARTIES</u>

1.     CEI is without sufficient information or belief to admit or deny the allegations of Paragraph No. 1 of the Complaint and therefore those allegations are denied.

2.     Admitted.

3.     CEI is without sufficient information or belief to admit or deny the allegations of Paragraph No. 3 of the Complaint, and therefore those allegations are denied.

## <u>JURISDICTION AND VENUE</u>

4.     CEI admits that venue is proper in the United States District Court for the Northern District of Alabama.

5.     CEI admits that venue is proper in the United States District Court for the Northern District of Alabama.

6.     CEI admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and has personal jurisdiction over it.

## FACTUAL ALLEGATIONS

7.     CEI admits Jefferson Loft purchased the Lofts at City Center from Tuscaloosa I, LLC in 2016.   Except as expressly admitted, CEI denies the remaining allegations of Paragraph No. 7.

8.     Admitted.

9.     CEI admits Phoenix is a commercial subcontractor that performed work in Alabama.  Except as expressly admitted, CEI lacks sufficient information to admit or deny the allegations Paragraph No. 9 of the Complaint, and therefore those allegations are denied.

10.    CEI admits it contracted with Tuscaloosa I, LLC for the Lofts at City Center Project and the scope of services to be provided was set forth in that contract.  Except as expressly admitted, CEI denies the remaining allegations of Paragraph No. 10.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Denied.

16.    CEI is without sufficient information to admit or deny the allegations of Paragraph No. 16 of the Complaint, and therefore those allegations are denied.

4313306_3

17.     CEI admits there are fiber cement panel nail fasteners that are loose or backing out of the panel. Except as expressly admitted, CEI denies the remaining allegations of Paragraph No. 17.

18.     CEI admits that whether an alleged defects with spacing of fasteners exists, such defect has been apparent since constructions.  CEI is without sufficient information to admit or deny the remaining allegations of Paragraph No. 18 of the Complaint, and therefore those allegations are denied.

19.     Denied.

20.     CEI is without sufficient information to admit or deny the allegations of Paragraph No. 20 of the Complaint, and therefore those allegations are denied.

21.     CEI admits Jefferson Loft is required to periodically paint the cladding system to restore it to its intended function and appearance. CEI is without sufficient information to admit or deny the remaining allegations of Paragraph No. 21 of the Complaint, and therefore those allegations are denied.

22.     CEI is without sufficient information to admit or deny the allegations of Paragraph No. 22 of the Complaint, and therefore those allegations are denied.

23.     Denied.

4313306_3

## COUNT I – BREACH OF CONTRACT
### (CEI)

24.    CEI adopts and incorporates its response to the allegations from the proceeding paragraphs as though fully restated herein.

25.    CEI admits it contracted with Tuscaloosa I, LLC and the terms of that contract are set forth in the contract.

26.    Admitted.

27.    CEI admits Tuscaloosa I, LLC was the owner of the Lofts at City Center through construction until Jefferson Loft purchased the Lofts at City Center in 2016.  Except as expressly admitted, the remaining allegations of Paragraph No. 27 are denied.

28.    Denied.

29.    Denied.

30.    Denied.

The allegations contained in the unnumbered "WHEREFORE" *ad damnum* paragraph following Paragraph No. 30 of the Complaint are denied.

## COUNT II – NEGLIGENCE
### (CEI and PHOENIX)

31.    CEI adopts and incorporates its response to the allegations from the proceeding paragraphs as though fully restated herein.

32.    Admitted.

4313306_3

33.    CEI admits it owed a duty to Tuscaloosa I, LLC as set forth here in the contract.  Except as expressly admitted, the remaining allegations of Paragraph No. 33 are denied.

34.    CEI admits its work benefited Tuscaloosa I, LLC.    Except as expressly admitted, the remaining allegations of Paragraph No. 34 are denied.

35.    CEI is without sufficient information to admit or deny the allegations of Paragraph No. 35 of the Complaint, and therefore those allegations are denied.

36.    Denied.

37.    The allegations of Paragraph No. 37 of the Complaint, including all its subparts, are denied.

38.    Denied.

The allegations of the unnumbered "WHEREFORE" *ad damnum* paragraph following Paragraph No. 38 of the Complaint are denied.

39.    Paragraph Nos. 39–44 (improperly numbered as Paragraphs 38-43) and the final unnumbered "WHEREFORE" *ad damnum* paragraph of the Complaint contain Plaintiff's claim for nuisance that the Court dismissed in its February 8, 2022 Memorandum Opinion and Order (Doc. 31) and therefore, no response is required.

4313306_3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action and material allegation therein giving rise to the cause of action asserted not explicitly admitted in this Answer, are denied and CEI demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Jefferson Loft's claims against CEI are barred by the subsequent purchaser doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Jefferson Loft purchased the Lofts at City Center as-is, where is, and with all faults and thus waived any right it may have had to proceed against CEI.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its release or waiver of the underlying claims.

## EIGHTH AFFIRMATIVE DEFENSE

CEI did not owe a common law duty to Jefferson Loft.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of damages by purchasing the buildings at issue.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

CEI breached no legal duty owed to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Jefferson Loft was not an intended beneficiary of CEI's contract with Tuscaloosa I, LLC.

## THIRTEENTH AFFIRMATIVE DEFENSE

CEI owed no contractual duty to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Jefferson Loft has failed to satisfy all conditions precedent to the litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Jefferson Loft's breach of contract claims are barred by the doctrine of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

Jefferson Loft's alleged assignment fails for its essential purpose.

4313306_3

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its spoilation of evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Jefferson Loft failed to provide an opportunity to correct the alleged defect.

## NINETEENTH AFFIRMATIVE DEFENSE

Jefferson Loft failed to provide notice of the alleged defects within the warranty period.

## TWENTIETH AFFIRMATIVE DEFENSE

Jefferson Loft waived its right to raise claims for construction defects by not raising those claims within the warranty period.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

CEI's construction warranty disclaims liability for damage arising from improper maintenance and wear and tear.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damage suffered by Jefferson Loft was caused by the negligence of individuals or entities other than CEI.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any damage suffered by Jefferson Loft was caused by individuals or entities over whom CEI had no control and for whom CEI has no liability.

4313306_3

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The actions of CEI were not the proximate cause of Plaintiff's alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any of Plaintiff's alleged damages, to the extent any exist, were solely and proximately caused by the intervening and superseding actions and conduct of third parties whom CEI is and was not responsible.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Jefferson Loft has failed to mitigate its damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of an Act of God.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

CEI asserts it performed all duties owed under the contract, other than those prevented or excused, and therefore never breached the agreement.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited by the First Dollar Defense or the Doctrine of Betterment.

## THIRTIETH AFFIRMATIVE DEFENSE

Any work or services provided by CEI met or exceeded the applicable standard of care.

4313306_3

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred or limited under the principles of setoff or recoupment.

**RESERVATION OF RIGHTS**

CEI reserves the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

**CROSS-CLAIM AGAINST DEFENDANT
PHOENIX FRAMING, LLC**

**PARTIES**

1.     CEI is a corporation incorporated under the laws of the State of Tennessee and registered to do business in the State of Alabama, with its principal place of business in the State of Tennessee.

2.     Phoenix Framing is a limited liability company incorporated under the laws of the State of Tennessee with its principal place of business located at that may be served with process through its counsel.

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over the main action under 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the Cross-Claims "are so related" to the claims in the

underlying action over which this Court has "original jurisdiction that they form part of the same or controversy under Article III of the United States Constitution."

4.      This Court has personal jurisdiction over Phoenix Framing because it has voluntarily submitted itself to the jurisdiction of this Court by participating in this litigation.

5.      Venue is proper with this Court because the events that give rise to the litigation took place within the Northern District of Alabama.   28 U.S.C. § 1391(b)(1).

## FACTS

6.      This case arises from allegedly defective fiber cement siding installation at The Lofts, a student living apartment complex located at 1345 10th Avenue, Tuscaloosa, Alabama.

7.      CEI was the design-builder that contracted with the original owner of the building, Tuscaloosa I, LLC ("Tuscaloosa I").

8.      By subcontract dated October 22, 2012, CEI hired Phoenix Framing to perform siding installation, among other items of work.  A true and accurate copy of the subcontract is attached as Exhibit A.  Article 1, "Work," of the subcontract states that Phoenix Framing was to perform its work, as delineated in Schedule A, according to the contract documents between CEI and Tuscaloosa I, LLC.  Id.

9.      Article 11 of the subcontract obligates Phoenix Framing to indemnify CEI:

> from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance, provided that any such claim, damage, loss, or expense (a) is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property including the loss of use therefrom, and (b) is caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by it or anyone from whose acts it may be liable, regardless of whether it is caused in part by a party indemnified hereunder.

Exhibit A.

10.     On December 11, 2020, Jefferson Loft tendered its claim for defective installation of the fiber cement siding panels, the work performed by Phoenix and Phoenix's subcontractor.

11.     While CEI denies it is liable to Jefferson Loft, CEI tendered its demand for defense and indemnity to Phoenix Framing on December 30, 2020. See Exhibit B (CEI's tender letter to Phoenix Framing with Jefferson Loft's demand attached).

12.     Phoenix Framing rejected CEI's demand for defense and indemnity and refused to defend CEI against Jefferson Loft's claims and indemnify CEI for any damages it may be required to pay to Jefferson Loft or its attorneys' fees incurred in putting forth its defense. See Exhibit C.

4313306_3

## COUNT I: CONTRACTUAL INDEMNITY

13.     CEI hereby incorporates by reference and reasserts all preceding paragraphs as though fully realleged.

14.     Under its contract with Phoenix Framing, CEI is entitled to defense against this lawsuit and indemnity for all its attorneys' fees, damages, fees, costs, or other sums it is obligated to pay for its defense or as a result of any liability to Jefferson Loft arising or resulting from Phoenix's work.

15.     CEI has incurred substantial attorneys' fees, court costs, and other costs of litigation associated with its defense that are within the scope of Phoenix Framing's contractual obligations.

16.     While CEI denies liability for the underlying claim, if CEI is held liable to Jefferson Loft and thus is responsible to pay damages, costs, or other sums to Jefferson Loft as a result of negligence, breach of contract, defective work within the scope of CEI and Phoenix Framing's subcontract, or any other legal theory of liability arising from the facts recited above, CEI is entitled to indemnity from Phoenix Framing.

WHEREFORE, CEI demands payment of its attorneys' fees, court costs, and other costs and fees it has been forced to bear in its defense of this litigation as a direct result of Phoenix Framing's rejection of its demand for defense; for indemnity from Phoenix Framing for any and all damages, attorneys' fees, costs, or

4313306_3

other sums assessed against it, if CEI is found liable to Jefferson Loft; and any other legal or equitable relief this Court finds just and owing to CEI.

## COUNT II: COMMON LAW INDEMNITY

17.     CEI hereby incorporates by reference and reasserts paragraphs 1-17 as though fully realleged.

18.     Phoenix Framing, as CEI's subcontractor, owed CEI a duty to perform its work in a workmanlike manner and in accordance with the degree of care customarily employed by construction contractors under the circumstances.

19.     Jefferson Loft alleges Phoenix Framing, or its subcontractors for whose acts or omissions it is liable, failed to perform its siding installation work in a workmanlike manner and did not perform with the degree of care customarily employed by construction contractors under similar circumstances.

20.     If CEI is held liable for defects in construction work performed negligently and in an unworkmanlike manner by Phoenix Framing, then Phoenix Framing should indemnify CEI under common law principles.

21.     CEI has no fault, or at most was passively at fault, in causing any damages that Jefferson Loft may be entitled to recover because it did not act negligently or in an unworkmanlike manner in regard to the construction work that gives rise to this lawsuit.   However, Jefferson Loft alleges it was the active negligence of phoenix that physically caused its damages.

22.   CEI is entitled to indemnity from Phoenix Framing for all damages, costs, fees, or other sums for which it is held liable to Jefferson Loft because those damages, costs, fees, or other sums arising from defective construction work of Phoenix Framing.

WHEREFORE, CEI demands payment of its attorneys' fees, court costs, and other costs and fees it has been forced to bear in its defense of this litigation as a direct result of Phoenix Framing's rejection of its demand for defense; for indemnity from Phoenix Framing for any and all damages, attorneys' fees, costs, or other sums assessed against it, if CEI is found liable to Jefferson Loft; and any other legal or equitable relief this Court finds just and owing to CEI.

## **JURY DEMAND**

**CEI demands a trial by struck jury.**

Dated:  February 8, 2023

Respectfully submitted,

By: */s/Brian M. McClendon*
E. Britton Monroe ASB-1451-O72E
Brian M. McClendon ASB-1499-B44M
Mitchell K. Brisbon ASB-0866-C12R
Attorney for Defendant Construction Enterprises, Inc.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL  35213
Phone:  (205) 967-8822
Fax:  (205) 967-2380
bmonroe@lgwmlaw.com
bmcclendon@lgwmlaw.com
mbrisbon@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2023, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing system or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Joseph D. Leavens
Charles A. Burkhart
L. Conrad Anderson, IV
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
*Attorneys for Plaintiff Jefferson Loft, LLC*

Howard K. Glick, Esq.
Lindsay Hembree Barnes, Esq.
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
100 Concourse Parkway
310 West Tower
Hoover, AL 35244
hkglick@smgblawyers.com
lbarnes@smgblawyers.com
*Attorneys for Defendant Phoenix Framing, LLC*

17

Pablo Delgado
500 Cheyenne Blvd., Lot 502
Madison, TN 37115
*Pro Se Third-Party Defendant*
Jose Diaz
109 Perthwood Drive
Troutman, NC 28166
*Pro Se Third-Party Defendant*

Leo Dan Lopez Quintanilla
6808 Montcrest Drive, Apt. 1
Charlotte, NC 28217
*Pro Se Third-Party Defendant*

Alexis Palma
3415 Weston Street
Charlotte, NC 38054
*Pro Se Third-Party Defendant*

WD General Services, Inc.
509 S. Chickasaw Trail, No. 164
Orlando, FL 35825
*Pro Se Third-Party Defendant*

*/s/Brian M. McClendon*
OF COUNSEL

4313306_3