IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 7:21-cv-00389-LSC |
| **CONSTRUCTION ENTERPRISES,** | ) |
| **INC. and PHOENIX FRAMING,** | ) |
| **LLC,** | ) |
| | ) |
| Defendants. | ) |

## MOTION TO ORDER PHYSICAL ATTENDANCE AT MEDIATION

Plaintiff Jefferson Loft moves the Court to enter an Order requiring the parties, their counsel, and the adjusters for all insurance carriers to attend the Court Ordered mediation in person. Jefferson Loft further requests that the Court Order the parties to conduct the mediation at the Federal Courthouse in Tuscaloosa, Alabama.

### ARGUMENT

1.  This is a construction defect case in which Jefferson Loft alleges the defendants improperly installed fiber cement siding panels on the exterior of a large student-housing project in Tuscaloosa, Alabama. Jefferson Loft alleges that (1) the improper installation has caused the fiber cement panels to prematurely deteriorate; (2) the cores of the panels, the underlying sheathing and weather barriers on the building continue to be improperly exposed to the elements; (3) the building has

suffered water intrusion damage as a result, in addition to various other physical damages caused by improper construction.

2. The parties have attempted to mediate this matter twice: once in November 2022 and a second time in December 2022. In both instances, Jefferson Loft coordinated the mediation. In both instances, the parties selected a mediator and confirmed a date. In both instances, the mediation was cancelled but not by plaintiff Jefferson Loft.

3. Jefferson Loft has since learned that the cancellations occurred not because of scheduling conflicts, nor due to any conduct of defendants' counsel, but rather, because the insurance carriers for CEI and Phoenix Framing did not intend to attend the mediations in person, nor did they intend to engage in any meaningful negotiations for potential resolution.

4. This conduct of CEI's primary commercial general liability carrier, Allied World, appears to be par for the course. On April 20, 2023 CEI filed a declaratory judgment action in the Federal District Court for the Middle District of Tennessee against Allied World to get a determination on coverage for this matter. *See Construction Enterprises, Inc. v. Gemini Ins. Co., et al.*, Case No. 3:23-CV-00383 (M.D. Tenn. April 20, 2023).

5. It is clear that the insurance carriers involved in this action have not acted in good faith. If they are not required to physically attend mediation under the

watchful eye of this Court, the Court Ordered mediation will be a guaranteed failure –assuming that it would even go forward absent an Order from this Court.

6. Jefferson Loft intends to mediate this matter in good faith (as it has attempted to do for seven months) and believes that the only way to ensure there is good faith negotiation on the part of the defendants' insurance carriers, is to require them to be physically present in the Courthouse – not hiding behind a computer screen or a phone. That said, Jefferson Loft respectfully requests that this Court enter the proposed Order attached as Exhibit A.

Respectfully submitted 21st day of April, 2023.

/s/ *Joseph D. Leavens*
Balch & Bingham LLP
*Attorney for Jefferson Loft LLC*

**OF COUNSEL:**
Charles A. Burkhart
L. Conrad Anderson, IV
Joseph D. Leavens
Michael P. Taunton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing document via email to the following on April 21, 2023:

E. Britton Monroe
Brian McClendon
Allyson R. Mancuso
Mitchell Kevin Brisbon
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213

*Attorneys for Defendant Construction Enterprises, Inc.*

Howard K. Glick
SIMPSON MCMAHAN GLICK & BURFORD PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 35223

*Attorney for Phoenix Framing LLC*

                                                    /s/ *Joseph D. Leavens*
                                                    Of Counsel

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)  Case No. 7:21-cv-00389-LSC<br>**CONSTRUCTION ENTERPRISES,** )<br>**INC. and PHOENIX FRAMING,** )<br>**LLC,** )<br>)<br>**Defendants.** ) | |

## ORDER

This Court has considered Plaintiff Jefferson Loft LLC's Motion to Order Physical Attendance at Mediation and all briefing associated with the Motion. Given the complex nature of this multi-party construction dispute, the involvement of multiple insurance carriers, the cost of continued litigation, and the proximity to trial, the Court Orders as follows:

1. The parties to this lawsuit, and their respective carriers, both primary and excess and/or umbrella, are ORDERED to mediate this case in good faith on May 22 ("the Scheduled Mediation") with the parties' agreed upon mediator. Each party and carrier shall have a representative physically present at the mediation and

such individual shall be vested with full and meaningful authority to resolve this case throughout its duration.

  2. The Scheduled Mediation shall be conducted at the courthouse of the Federal District Court for the Northern District of Alabama in Tuscaloosa, Alabama.

  3. Further, prior to the Scheduled Mediation, each insurance carrier that is defending a party in this case or may otherwise have a coverage obligation (whether disputed or not) shall confer in good faith amongst themselves as to funding a potential settlement at the Scheduled Mediation.

  4. Prior to June 15, 2023, the mediator shall provide a written report to the Court on the results of the Scheduled Mediation.

  5. At the Scheduled Mediation, the mediator has the authority to require all parties and their attending representatives to remain at and participate in the mediation and the mediator has the sole discretion to release the parties and/or terminate the mediation.

  6. The Scheduled Mediation shall only be rescheduled in the event of an unavoidable contingency or emergency, and then only after presenting to the Court a Motion to Continue the mediation stating all valid reasons for the proposed continuance.  A party or their carrier's desire to attend remotely or virtually shall not

2

be considered a valid reason for not attending the Scheduled Mediation or for rescheduling the Scheduled Mediation.

7. Unless agreed otherwise by the parties, the parties and their carriers shall be responsible for sharing equally the mediator fees and expenses at the Scheduled Mediation.

Done this _____ day of _____, 2023.

_____
L. Scott Coogler
United States District Judge