# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JEFFERSON LOFT, LLC** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:21-cv-00389-LSC |
| ) | |
| **CONSTRUCTION ENTERPRISES,** ) | |
| **INC.; PHOENIX FRAMING, LLC;** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| **PHOENIX FRAMING, LLC,** ) | |
| ) | |
| Defendant / Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **WD GENERAL SERVICES, INC.;** ) | |
| **PABLO DELGADO; ALEXIS PALMA;** ) | |
| **LEO DAN LOPEZ QUINTANILLA;** ) | |
| **JOSE DIAZ,** ) | |
| ) | |
| Third-Party Defendants. ) | |

## DEFENDANT CONSTRUCTION ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO ORDER PHYSICAL ATTENDANCE AT MEDIATION

Defendant Construction Enterprises, Inc. ("CEI") hereby submits its Amended Response to Plaintiff Jefferson Loft's ("Jefferson Loft") Motion to Order Physical Attendance at Mediation (the "Motion") (Doc. 71) and shows the Court as

follows:

1. Jefferson Loft filed its Motion at 4:06 pm on Friday, April 21, 2023, accusing CEI's insurance carriers of not intending to mediate in good faith. Jefferson Loft argued two (2) previously scheduled mediations were cancelled due to the refusal of CEI and Phoenix Framing, LLC's ("Phoenix") insurance carriers to attend mediation in-person and the carriers' intentions not to negotiate meaningfully at the upcoming mediation. (Doc. 71, ¶ 3.)

2. CEI is the named party in this litigation, and CEI has always acted in good faith in this case and has taken the lead in scheduling the current mediation. CEI has spent weeks scheduling the mediation, including changing mediators multiple times due to their availability, to ensure full participation of all Parties. All this work in finding available mediators and scheduling has been undertaken by CEI's counsel.

3. In submitting this response, CEI clarifies certain misstatements in Jefferson Loft's Motion as to the history of mediation in this case. The first mediation referenced was not a mediation in this case, but rather a mediation in a separate case. Counsel in this case do not represent CEI or Jefferson Loft in the other case and were not present for that mediation.

4. The most recently scheduled mediation in December 2022 was not canceled for the reason stated by Jefferson Loft. Rather, the December 2022

mediation was scheduled while Phoenix was adding its subcontractors into this case. When it became apparent the subcontractors could not be served and prepared to resolve the case by December 2022, CEI proposed rescheduling the mediation. Jefferson Loft did not object to the rescheduling.

5. In addition, CEI has represented to Jefferson Loft that a CEI representative will be physically present at the May 22 Mediation.

6. Jefferson Loft also asks the Court to Order CEI's insurance carriers to "confer in good faith" prior to the mediation about funding potential settlements. CEI has scheduled a "Defendants Mediation" prior to the May 22 Mediation of the underlying case to discuss these issues. All carriers and Defendants have agreed to participate in the Defendants Mediation.

7. To date, Jefferson Loft has refused to recognize the strong possibility that as a subsequent purchaser of used real property, its claims against the original builder are barred or that its claims are barred by both the statutes of limitations and repose, as the exact damage claimed in this litigation were noted in inspection reports more than seven (7) years prior to filing suit.

8. Additionally, Jefferson Loft has provided a repair proposal that rewards Jefferson Loft with brand new exterior cladding system on a ten-year old building (despite the fact its own consultant informed Jefferson Loft at purchase that repairs to the exterior were needed). Despite these strong defense arguments,

CEI still agreed to mediate the case in hopes a reasonable resolution could be reached.

WHEREFORE, CEI requests the Court deny Jefferson Loft's Motion as the relief requested is moot.

Dated: April 27, 2023.

>Respectfully submitted,
>
>By: */s/Brian M. McClendon*
>E. Britton Monroe ASB-1451-O72E
>Brian M. McClendon ASB-1499-B44M
>Mitchell K. Brisbon ASB-0866-C12R
>Attorney for Defendant Construction Enterprises, Inc.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
bmonroe@lgwmlaw.com
bmcclendon@lgwmlaw.com
mbrisbon@lgwmlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2023, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing system or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Joseph D. Leavens
Charles A. Burkhart
L. Conrad Anderson, IV
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
*Attorneys for Plaintiff Jefferson Loft, LLC*

Howard K. Glick, Esq.
Lindsay Hembree Barnes, Esq.
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
100 Concourse Parkway
310 West Tower
Hoover, AL 35244
hkglick@smgblawyers.com
lbarnes@smgblawyers.com
*Attorneys for Defendant Phoenix Framing, LLC*

Pablo Delgado
500 Cheyenne Blvd., Lot 502
Madison, TN 37115
*Pro Se Third-Party Defendant*
Jose Diaz
109 Perthwood Drive
Troutman, NC 28166
*Pro Se Third-Party Defendant*

Leo Dan Lopez Quintanilla
6808 Montcrest Drive, Apt. 1
Charlotte, NC 28217
*Pro Se Third-Party Defendant*

Alexis Palma
3415 Weston Street
Charlotte, NC 38054
*Pro Se Third-Party Defendant*

WD General Services, Inc.
509 S. Chickasaw Trail, No. 164
Orlando, FL 35825
*Pro Se Third-Party Defendant*

                                              */s/Brian M. McClendon*
                                              OF COUNSEL