IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON LOFT, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 7:21-CV-00389-LSC |
| CONSTRUCTION ENTERPRISES, | ) |
| INC. and PHOENIX FRAMING, | ) |
| LLC. | ) |
| | ) |
|    Defendants. | ) |

## PLAINTIFF JEFFERSON LOFT, LLC'S REPLY IN SUPPORT OF MOTION TO ORDER PHYSICAL ATTENDANCE AT MEDIATION

Plaintiff, Jefferson Loft, LLC ("Jefferson Loft") submits its Reply to Construction Enterprises, Inc.'s Response to Plaintiff's Motion to Order Physical Attendance at Mediation and in support thereof, states as follows:

1. Jefferson Loft disagrees with the characterization of the history of the failed mediations in this case as recited in CEI's Response and Amended Response.

2. As the Court might suspect, Jefferson Loft likewise disagrees with the characterization of the law and facts relating to the merits of this case. Regardless, this motion is neither the time nor place for such discussion and Jefferson Loft reserves all rights to address those points under the appropriate circumstances.

3. CEI has filed a declaratory judgment action in Tennessee against its insurers to compel them to finally take a position on coverage and to have the Court

1

determine the extent of that coverage. No reasonable-minded person can expect a mediation to be successful if the insurers will not even inform their insureds whether they have coverage.

4. Jefferson Loft is learning of many of the agreeable points in CEI's Amended Response for the very first time on the date of this Reply. If it is in fact true that the carriers for CEI intend to attend the mediation in person, that is a positive development. Curiously though, it is still not clear from CEI's Amended Response that will be the case, because the Amended Response commits only to having "a CEI representative physically present" at the May 22 mediation.

5. This mediation will not be successful without carriers present. If, however, the carriers truly intend to send individuals to the mediation, there should be no objection to an Order requiring them to do so. Having been left at the alter by Defendants' carriers twice already for planned mediations, Jefferson Loft's fear is that in the absence of an Order to appear, the carrier representatives will opt not to attend in person (or at all) and mediation will fail to proceed – notwithstanding the parties' diligent efforts to schedule it.

Respectfully submitted on April 27, 2023.

/s/ *Joseph D. Leavens*
One of the attorneys for Plaintiff Jefferson Loft, LLC

**OF COUNSEL:**
Charles A. Burkhart
L. Conrad Anderson, IV
Joseph D. Leavens
Michael P. Taunton
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone:  (205) 251-8100
E-mail:    cburkhart@balch.com
           canderson@balch.com
           jleavens@balch.com
           mtaunton@balch.com

## **CERTIFICATE OF SERVICE**

   I certify that on the day of April 27, 2023, a true and correct copy of the foregoing has been furnished through the Court's electronic filing system upon the following parties:

E. Britton Monroe
Brian McClendon
Allyson R. Mancuso
Mitchell Kevin Brisbon
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213

*Attorneys for Defendant Construction Enterprises, Inc.*

Howard K. Glick
SIMPSON MCMAHAN GLICK & BURFORD PLLC
2700 Highway 280, Suite 203W
Birmingham, AL 35223

*Attorney for Phoenix Framing LLC*

           /s/ *Joseph D. Leavens*
           **OF COUNSEL**